FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 29 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01190-BNB

NICK MILLER,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
THE FEDERAL BUREAU OF PRISONS,
HARLEY LAPPIN, Director F.B.O.P.,
MICHAEL NALLEY, Regional Dir. F.B.O.P.,
RENEE GARCIA, Warden/F.C.I. Englewood,
DR. THOMAS KRAUSE, Doctor/F.C.I. Englewood,
DR. HIDEYA TSUDA, Doctor/F.C.I. Englewood,
MARK IPPOLITO, Head of Medical/F.C.I. Englewood,
CHARLIE KUDLAUSKAS, P.A./F.C.I. Englewood, and
HERIBERTO GARCIA, M.L.P./F.C.I. Englewood,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Nick Miller, is a prisoner in the custody of the United States Bureau of Prisons and he currently is incarcerated at a federal prison in Beaumont, Texas. Mr. Miller has filed *pro se* a Prisoner Complaint (Doc. #1) and a document titled "Complaint of Law" (Doc. #2) in which he complains about the medical treatment he received while he was incarcerated at a federal prison in Colorado.

    The court must construe the documents filed by Mr. Miller liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons

stated below, Mr. Miller will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the Prisoner Complaint and finds that it is deficient because the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Miller fails to provide a short and plain statement of his claims showing that he is entitled to relief. As noted above, Mr. Miller complains about the medical treatment he received at a federal prison in Colorado. In the Prisoner Complaint, he

lists eight distinct and separately numbered claims for relief, although he does not assert any facts in support of his claims in the Prisoner Complaint. Instead, Mr. Miller refers in each claim listed in the Prisoner Complaint to the "Complaint of Law" for a discussion of those claims. However, in the "Complaint of Law," Mr. Miller identifies only one numbered claim for relief in which he complains that his rights under the Eighth Amendment have been violated, a claim pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Mr. Miller does refer to other statutes and constitutional amendments in the "Complaint of Law," but it is not clear what claims, if any, he may be asserting in addition to the Eighth Amendment claim.

Furthermore, Mr. Miller fails to provide specific factual allegations in support of any claims for relief including the Eighth Amendment claim. Instead, he makes vague and conclusory allegations that Defendants have failed to provide adequate medical care without alleging specifically what medical care he has been denied, when he was denied medical care, or which Defendants denied the medical care. The closest Mr. Miller comes to making specific factual allegations is a four-page "Statement of Facts" attached to the Prisoner Complaint (*see* Doc. #1 at 18-21) in which he describes the medical treatment he received from some of the named Defendants. However, the attached "Statement of Facts" does not provide a clear statement of what medical treatment Mr. Miller contends he was denied, specifically how his Eighth Amendment rights allegedly have been violated, and how each named Defendant personally participated in the alleged Eighth Amendment violation.

For these reasons, Mr. Miller will be ordered to file an amended complaint that

provides a short and plain statement of each claim he is asserting if he wishes to pursue his claims in this action. Mr. Miller is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005).

Because Mr. Miller has named a number of supervisory officials as Defendants, the Court also emphasizes that personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Miller must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to the supervisory officials, a Defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. **See Ashcroft v. Iqbal**, 129 S. Ct. 1937, 1948 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates

4

> violated the Constitution, but that the official by virtue of his
> own conduct and state of mind did so as well.

**See Dodds v. Richardson**, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting **Iqbal**, 129 S. Ct. at 1949). Therefore, in order to succeed in a **Bivens** suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." **Id**. at 1199. Accordingly, it is

ORDERED that Mr. Miller file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that Mr. Miller shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Miller fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED July 29, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01190-BNB

Nick Miller
Reg. No. 08801-029
FCI Beaumont
PO Box 26040
Beaumont, TX 77720

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on July 29, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk